FILED

2024 Aug-27  PM 03:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| THE ESHELMAN COMPANY, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. |
| v. | ) |
| | ) |
| WASTE WATER INDUSTRIAL | ) |
| SOLUTIONS, LLC, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

Plaintiff The Eshelman Company, Inc. ("Plaintiff" or "Eshelman") files this Complaint against Defendant Waste Water Industrial Solutions, LLC ("Defendant" or "WWIS") and alleges as follows:

**THE PARTIES, JURISDICTION, AND VENUE**

1.      Plaintiff Eshelman is an Alabama corporation with its principal place of business in Jefferson County, Alabama.

2.      Defendant WWIS is a foreign limited liability company organized and existing under the laws of the State of Georgia. According to the records of the Secretary of State for the State of Georgia, the principal office address of WWIS is 5665 Knotty Ridge Drive, Douglasville, Georgia 30135, and the only known member of, and the registered agent for service of process for, WWIS is Virginia Lynn Murphy at the same address.

1

3.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and Plaintiff's citizenship is diverse from Defendant's citizenship.

4.    This Court has personal jurisdiction over WWIS because WWIS has sufficient minimum contacts with the State of Alabama such that the Court's exercise of personal jurisdiction over WWIS comports with due process and does not offend traditional notions of fair play and substantial justice. More specifically, this Court has personal jurisdiction over WWIS because it has regularly conducted business in the State of Alabama and Plaintiff delivered the goods that are the subject of the transaction at issue in this action to WWIS in Alabama.

5.    Venue is proper in this forum pursuant to 28 U.S.C. § 1391(b) because the Northern District of Alabama is a judicial district in which a substantial part of the events or omissions giving rise to Plaintiff's claims against Defendant occurred, and it is also a judicial district in which Defendant is subject to the Court's personal jurisdiction with respect to such action.

## FACTUAL ALLEGATIONS

6.    In early 2023, WWIS placed an order with Eshelman (the "Order") for a quantity of four (4) Hayward Gordon Model XR4(11)-S pumps and accompanying custom-fabricated accessories at a price of $47,800.00 each.

7.    The Order was memorialized by WWIS in its purchase order no. 1037 issued by WWIS to Eshelman on or about December 12, 2022 (the "PO"). A copy of the PO is attached as **Exhibit A**.

8.    WWIS agree to pay Eshelman $191,200.00 for the Order.

9.    Eshelman delivered all four pumps in the Order to WWIS on May 1, 2023, and delivered the custom-fabricated accessories to WWIS on June 15, 2023.

10.    Eshelman delivered the pumps and accessories to WWIS's facility at 17600 Highway 48, Wedowee, Alabama as requested by WWIS, and WWIS received the pumps and accessories from Eshelman at that location.

11.    On May 1, 2023, Eshelman invoiced WWIS for payment for WWIS's Order of the pumps and accessories. A copy of Eshelman invoice no. 7511 (the "Invoice") is attached as **Exhibit B**, and all its terms are incorporated herein by reference.

12.    Under the Invoice's payment terms, WWIS's payment of the Invoice for the items in the Order was due, at the latest, by May 31, 2023.

13.    To date, WWIS has failed to make any payments to Eshelman for the Order, despite the full amount being due and owing.

14.    Eshelman has repeatedly requested that WWIS make payments for the Order, including by phone calls and emails.

15.    In emails to Eshelman, WWIS has acknowledged receipt of the pumps and accessories and its obligation to make payment to Eshelman on the account. A copy of email communications between Eshelman and WWIS regarding the Order and promises of payment for the Order is attached as **Exhibit C** and is incorporated herein by reference.

16.    On August 1, 2024, Eshelman's agent sent a demand for payment to WWIS in the amount of $231,210.00, the full amount that remained unpaid and past due under the Invoice, including accrued interest. A true and correct copy of the demand letter is attached as **Exhibit D**.

17.    To date, WWIS has failed and refused to pay the amounts outstanding, notwithstanding Eshelman's performance of all its obligations to WWIS under the Order.

<u>**COUNT I – SUIT ON OPEN ACCOUNT**</u>

18.    Eshelman incorporates the allegations in the preceding paragraphs 1-17 as if fully stated herein.

19.     Eshelman performed all its obligations under the Invoice by providing all items in the Order to WWIS.

20.     WWIS failed to make payments under the Invoice for the items in the Order by the due date in the Invoice.

21.     The Invoice states that past due amounts incur interest at an annual percentage rate of 18%.

22.     WWIS has failed to pay the invoice balance of $191,200.00 that is past due under the Invoice.

23.     Interest on the past due amount of $42,242.00 has accrued as of the date of filing and continues to accrue at the rate of $94.29 per day.

## COUNT II – BREACH OF CONTRACT

24.     Eshelman incorporates the allegations in the preceding paragraphs 1-23 as if fully stated herein.

25.     Upon acceptance of the PO issued by WWIS, Eshelman delivered the ordered pumps and accessories to WWIS and thereon issued its Invoice to WWIS.

26.     Eshelman performed all its obligations under agreement of the parties represented by the PO and Invoice.

27.     WWIS breached the agreement of the parties represented by the PO and Invoice by refusing to pay Eshelman all amounts due and owing to it under the Invoice by the payment due date set forth in the Invoice.

28.     As a result of WWIS's breach, Eshelman has been damaged in an amount not less than $233,442.00 and interest continues to accrue on that amount under the contract at a rate of $94.29 per day.

4

**COUNT III – ACCOUNT STATED**

29.    Eshelman incorporates the allegations in the preceding paragraphs 1-28 as if fully stated herein.

30.    Eshelman rendered a statement of account to WWIS showing that Defendant remains indebted to Eshelman.

31.    WWIS never disputed the rendered statement of account and has acknowledged its indebtedness to Eshelman for the Order.

32.    WWIS owes Eshelman the amount of $233,442.00 on account.

33.    Interest continues to accrue on that amount at a rate of $94.29 per day.

**COUNT IV – UNJUST ENRICHMENT**

34.    Eshelman incorporates the allegations in the preceding paragraphs 1-33 as if fully stated herein.

35.    In the alternative, to the extent WWIS denies the existence of any agreement between the parties, Eshelman conferred a benefit on WWIS in the form of Eshelman's delivery and WWIS's receipt of the pumps and custom-fabricated accessories set out in the PO and Invoice.

36.    At the request of WWIS, Eshelman provided valuable items to WWIS. Namely, Eshelman provided WWIS with the pumps and custom-fabricated accessories identified in the PO and Invoice.

37.    WWIS has benefited from receiving these items from Eshelman.

38.    WWIS has refused to pay for all such items provided to it by Eshelman, and, therefore, WWIS has been unjustly enriched. Equity requires that WWIS compensate Eshelman for the benefits WWIS received.

39.     Eshelman is entitled to recover the reasonable value of the items identified in the PO and Invoice that Eshelman provided to WWIS in an amount not less than $233,442.00, plus all applicable pre-judgment and post-judgment interest and fees.

WHEREFORE, Plaintiff Eshelman demands as follows:

a) that this Court enter a general verdict and judgment against Defendant WWIS and in favor of Plaintiff Eshelman for damages owed in an amount not less than $233,442.00, plus all applicable pre-judgment and post-judgment interest, costs, and fees; and

b) all further relief as this Court deems just and proper.

Respectfully submitted this 27th day of August, 2024.


/s/ *Danner Kline*
Jeffrey D. Dyess Bar No. 8764E37J
Danner Kline Bar No. 9744U17Z
Bradley Arant Boult Cummings LLP
1819 Fifth Avenue North
Birmingham, AL  35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
Email: dyess@bradley.com
        dkline@bradley.com

*Attorneys for Plaintiff The Eshelman Company, Inc.*

6

**PLAINTIFF REQUESTS SERVICE BY CERTIFIED MAIL TO DEFENDANT'S DULY APPOINTED AGENT FOR SERVICE OF PROCESS AS FOLLOWS:**

Virginia Lynn Murphy, Agent
Waste Water Industrial Solutions, LLC
5665 Knotty Ridge Drive
Douglasville, Georgia 30135