# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| THE ESHELMAN COMPANY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CIVIL ACTION NUMBER |
| WASTE WATER INDUSTRIAL ) | 2:24-cv-01170-MHH |
| SOLUTIONS, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Plaintiff The Eshelman Company, Inc. has asked the Court to enter a default judgment against defendant Waste Water Industrial Solutions, LLC for claims resulting from WWIS's failure to pay an outstanding invoice for industrial pumps the company ordered from Eshelman.  (Doc. 15).[1]  WWIS accepted service but has not appeared or otherwise defended against Eshelman's claims.  (Doc. 15, pp. 1–2).  Accordingly, the Court will enter default judgment against WWIS on Eshelman's claims.

---

[1] On November 6, 2024, Eshelman filed its original motion for default judgment.  (Doc. 8).  Then, on February 13, 2025, Eshelman filed an amended motion for default judgment.  (Doc. 11).  On July 28, 2025, the Court denied Eshelman's amended motion for default judgment due to jurisdictional deficiencies.  (Doc. 14).  On July 31, 2025, Eshelman filed its second amended motion for default judgment, which is the operative motion here.  (Doc. 15).

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step procedure for obtaining a default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of court must enter the party's default. Fed. R. Civ. P. 55(a). Second, after the clerk's entry of default, a district court may enter a default judgment against the defendant because of the defendant's failure to appear or defend. Fed. R. Civ. P. 55(b)(2). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Here, the Clerk of Court entered default against WWIS on December 10, 2024, upon Eshelman's motion. (Doc. 9). The Court may now consider Eshelman's motion for default judgment.

To enter default judgment, subject matter jurisdiction must exist. The Court has federal subject matter jurisdiction in this case under 28 U.S.C. § 1332. Section 1332 requires that the parties be citizens of different states and that the amount in controversy exceed the sum or value of $75,000.00. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000) (citing 28 U.S.C. § 1332). An LLC is a citizen of "any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). An individual is a citizen of the place in which he or she is domiciled, and "domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Molinos Valle Del Cibao v. Lama*, 633 F.3d

1330, 1341 (11th Cir. 2011). Courts employ a "totality of the circumstances" test to determine domicile and look to facts such as an individual's place of voting and payment of taxes and the location of personal and real property. *Slate v. Shell Oil Co.*, 444 F. Supp. 2d 1210, 1215 (S.D. Ala. 2006) (collecting cases). A corporation is a citizen of the state of its principal place of business and the state of incorporation. 28 U.S.C. § 1332(c)(1).

Here, Eshelman is an Alabama corporation with its principal place of business in Jefferson County, Alabama. (Doc. 1, p. 1, ¶ 1). Therefore, Eshelman is a citizen of Alabama. *See* 28 U.S.C. § 1332(c)(1). WWIS is a foreign limited liability company. (Doc. 1, p. 2, ¶ 2). Virginia Murphy is WWIS's sole member. (Doc. 1, p. 1, ¶ 2). Ms. Murphy accepted service on WWIS's behalf at 5665 Knotty Ridge Drive, Douglasville, Georgia 30135, a single-family residence. (Doc. 1, p. 1, ¶ 2; Doc. 6; Doc. 15-1, p. 2; Doc. 15-3, p. 2; *see also* Doc. 15-4, p. 3).[2] In social media posts, Ms. Murphy holds herself out as a resident of Douglasville, Georgia. (Doc. 15-13; Doc. 15-14; Doc. 15-15). Ed Moore, Eshelman's president, visited Ms. Murphy and her husband at the Douglasville address and attests that it is her home. (Doc. 16-1, pp. 2–3). Based on the totality of the circumstances, Ms. Murphy is a Georgia citizen. *See Slate*, 444 F. Supp. 2d at 1215. Therefore, WWIS is a citizen

---

[2] This Douglasville address is listed on WWIS's UCC financing statements. (Doc. 15-9, p. 2; Doc. 15-10, pp. 2–5; Doc. 15-11, pp. 2–4).

of Georgia for purposes of diversity jurisdiction. *See Rolling Greens,* 374 F.3d at 1022. In its complaint, Eshelman seeks relief in an amount not less than $233,442.00, satisfying the amount in controversy requirement. (Doc. 1, p. 6, ¶ 39).[3] Diversity jurisdiction exists.

To enter default judgment, the Court also must have personal jurisdiction over the defendant. *See Oldfield v. Pueblo De Bahia Lora*, S.A., 558 F.3d 1210, 1217 (11th Cir. 2009). Here, because Eshelman seeks a judgment from nonresident defendant WWIS, Eshelman bears the burden "of alleging in the complaint sufficient facts to make out a prima facie case of [personal] jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009) (brackets added). The exercise of personal jurisdiction must comport with due process, meaning that "(1) the nonresident defendant has purposefully established minimum contacts with the forum and (2) the exercise of jurisdiction will not offend traditional notions of fair play and substantial justice." *Sec. & Exch. Comm'n v. Marin*, 982 F.3d 1341, 1349 (11th Cir. 2020). In its complaint, Eshelman alleges that WWIS regularly conducts business in Alabama and that Eshelman delivered the goods underlying the parties' dispute to WWIS at a WWIS location in Alabama. (Doc. 1, pp. 2–3, ¶¶ 4, 9–10). Therefore, Eshelman has pleaded that WWIS has sufficient minimum contacts with

---

[3] The amount in controversy has increased since Eshelman filed its complaint because interest has accumulated. (*See* Doc. 15, p. 7).

4

the State of Alabama. Accordingly, the Court's exercise of personal jurisdiction over WWIS should not offend traditional notions of fair play and substantial justice.

To enter a default judgment, the Court also must ensure that the complaint and its underlying substantive allegations entitle the moving party to default judgment. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). If a district court finds the allegations sufficient, the court must treat the defaulting defendant as admitting to "the plaintiff's well-pleaded allegations of fact" for purposes of liability. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quotations omitted).

The alleged facts are as follows: WWIS placed an order with Eshelman for four Hayward Gordon Model XR4(11)-S pumps and accompanying custom fabricated accessories, each at a price of $47,800.00. (Doc. 1, p. 2, ¶ 6). The order was memorialized by WWIS on December 12, 2022, with a purchase order for a total amount of $191,200.00. (Doc. 1-1). Eshelman delivered the four pumps to WWIS on May 1, 2023, and Eshelman delivered the custom-fabricated accessories on June 15, 2023. (Doc. 1, p. 2, ¶ 9). The pumps and accessories were delivered to a WWIS facility in Wedowee, Alabama. (Doc. 1, p. 3, ¶ 10). On May 1, 2023, Eshelman invoiced WWIS for payment. (Doc. 1-2). The invoice details the goods ordered, quantity of goods, rate per good, total amount, and payment due date. (Doc.

5

1-2). The invoice also noted that past due invoices would be subject to an 18 percent interest rate. (Doc. 1-2).

WWIS acknowledged receipt of the pumps by email. (Doc. 1-3). On January 22, 2024, Ms. Murphy emailed an Eshelman representative acknowledging that payment was outstanding. (Doc 1-3, p. 6).[4] Eshelman alleges that WWIS has yet to pay the outstanding invoice. (Doc. 1, p. 3, ¶ 13).

Eshelman asserts the following claims against WWIS: (1) suit on an open account; (2) breach of contract; (3) account stated; and (4) unjust enrichment. (Doc. 1, pp. 3–6).[5] Eshelman's claims are properly pleaded in the alternative. *See Blackmon v. Renasant Bank*, 232 So. 3d 224, 228 n.4 (Ala. 2017). The Court addresses each claim in turn.

A.

Under Alabama law, a "suit on account is an action in assumpsit and must be founded upon a contract, express or implied. The burden is upon plaintiff to show that he is owed a debt by defendant." *Marsala v. Gulf Shores Bldg. Supply, Inc.*, 367

---

[4] In the email, Ms. Murphy wrote: "As a show of good faith, I am trying to determine an amount that WWIS can pay prior to the end of January [2024]." (Doc. 1-3, p. 6).

[5] In a diversity case, a district court must apply the laws "of the state in which the federal court sits." *O'Neal v. Kennamer*, 958 F.2d 1044, 1046 (11th Cir. 1992). Here, the disputed contract is governed by Alabama law unless the parties explicitly contracted with reference to another state's laws. *Colonial Life & Acc. Ins. Co. v. Hartford Fire Ins. Co.*, 358 F.3d 1306, 1308 (11th Cir. 2004). The parties did not contract for the law of a particular state to govern their relationship, so the Court will apply Alabama law to all claims.

So. 2d 479, 481 (Ala. Civ. App. 1979) (internal citations omitted). Applying the factual allegations to the elements of a suit for an open account, the record demonstrates that Eshelman has a viable claim. The allegations indicate that Eshelman agreed to provide pumps to WWIS for a stated price and delivered the pumps, and WWIS has not paid Eshelman for the pumps. Therefore, Eshleman has a viable suit on an open account.

B.

Under Alabama law, to state a breach of contract claim, a plaintiff must establish: "(1) a valid contract binding the parties; (2) the plaintiffs' performance under the contract; (3) the defendant's nonperformance; and (4) resulting damages." *Shaffer v. Regions Fin. Corp.*, 29 So. 3d 872, 880 (Ala. 2009). "'Where a contract fails to specify all the duties and obligations intended to be assumed, [Alabama] law will imply an agreement to do those things that according to reason and justice the parties should do in order to carry out the purpose for which the contract was made.'" *Lloyd Noland Found., Inc. v. City of Fairfield Healthcare Auth.*, 837 So. 2d 253, 267 (Ala. 2002) (brackets added) (quoting *Sellers v. Head*, 73 So. 2d 747, 751 (Ala. 1954)). Eshelman alleges that WWIS submitted a purchase order that Eshelman accepted by performing under the purchase order and delivering pumps and accessories to WWIS. In doing so, Eshelman fulfilled its obligations under the purchase order and invoice. WWIS breached the parties' agreement under the

7

purchase order and invoice by failing to pay Eshelman—and this nonperformance resulted in damages. These allegations provide an adequate basis for a breach of contract claim under Alabama law.

C.

"An account stated is an agreement between parties who have had previous monetary transactions. . . . [It] is not founded on the original liability between parties, but rather on the defendant's admission (which can be express or implied) that a definite sum is due." *Karrh v. Crawford-Sturgeon Ins., Inc.*, 468 So. 2d 175, 176 (Ala. Civ. App. 1985) (brackets added) (internal citations omitted). To prevail on an account stated claim, a plaintiff must show that "(1) a statement of the account between the parties is balanced and rendered to the debtor[;] (2) there is a meeting of the minds as to the correctness of the statement; and (3) the debtor admits liability." *Univ. of S. Ala. v. Bracy*, 466 So. 2d 148, 150 (Ala. Civ. App. 1985) (brackets added). Eshelman alleges that it invoiced WWIS for the amount that WWIS owed for pumps and accessories, Ms. Murphy sent an email acknowledging that WWIS owes the unpaid balance, and Ms. Murphy sent another email acknowledging that WWIS did not pay the overdue bill. (Docs. 1-2, 1-3). Eshelman has alleged a viable account stated claim.

D.

To prevail on a claim of unjust enrichment, "the plaintiff must show that the defendant holds money which, *in equity and good conscience*, belongs to the plaintiff." *Mantiply v. Mantiply*, 951 So. 2d 638, 654 (Ala. 2006) (emphasis in *Mantiply*) (quotations omitted). The allegations discussed above support a claim for unjust enrichment.

***

Eshelman seeks a judgment against WWIS "in the amount of $191,200, plus interest accrued at the contract annual rate of 18% in the amount of $74,583.39," plus interest from the date Eshelman filed its motion, filing fees, and recoverable post-judgment interest. (Doc. 15, p. 7). The Court grants Eshelman's motion for default judgment against WWIS and sets this matter for a telephone conference on Tuesday, January 20, 2026, at 3:00 PM CST to determine the total amount of damages. Counsel of record shall please dial 205-931-0422 and enter access code 351578662 five minutes prior to the start time to participate in the call. The Clerk of Court shall please TERM Docs. 15 and 17.

**DONE** and **ORDERED** this January 7, 2026.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

9